LOUIS BELASCO, RELATOR, v. MAYOR, ETC., OF JERSEY CITY ET AL., DEFENDANTS.

Submitted October term, 1928—Decided November 30, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the relator, *Jacob J. Singer* and *Samuel Cooper*.

For the defendants, *Thomas J. Brogan*.

PER CURIAM.

In this case a permit was refused relator to build a garage on a plot of ground located on and known as No. 196 Fairview avenue, Jersey City. A rule to show cause was allowed, why a writ of *mandamus* should not issue directing a permit to be granted. The only question to be determined is whether or not the erection of the garage, so that it will face Appollo street, at the dead end of that street, and with ingress and egress to the garage from Apollo street, violates the city ordinance of Jersey City. The board of commissioners of Jersey City, New Jersey, at its meeting, March 20th, 1928, held that such a permit would be in violation of the ordinance. The ordinance provides, paragraph 12: "Private garage is hereby defined to mean a building not more than twenty-five feet in width, not more than twenty (20) feet in depth, not more than eleven (11) feet in height, and to be erected on the rear line of the lot to store a pleasure automobile for the accommodation of the owner or tenant residing on said property."

Paragraph 8 provides: "A private garage, unless same shall be built on the rear line of lot or plot paralleling the street on which it fronts."

We do not agree with the city commissioners in the construction of the ordinance made by that body, viz., such a building on the place designated by the relator facing Apollo street would be a violation of the ordinance. The rear line of the lot No. 196 Fairview avenue is no less the rear line of that lot, because it happens to be opposite the dead end of Apollo street. That is a mere incident. That fact does not change the plain wording of the ordinance.

The result is, a peremptory writ of *mandamus* should issue as prayed for.